Mr. Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously submitted five similar measures, three of which I rejected due to ambiguities in the texts of your proposed amendments. See Ops. Att'y Gen. 2002-013, 99-264 and 99-196. My office has revised and certified popular names for two similar measures, as evidenced by Ops. Att'y Gen.2001-208 and 2000-022. You have since made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name INITIATIVE AND REFERENDUM PROCEDURE AMENDMENT Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, INITIATED LAWS, ORDINANCES, OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PRESERVING THE RIGHT TO CHALLENGE INITIATED AMENDMENTS, ACTS, OR ORDINANCES ON CONSTITUTIONAL GROUNDS OR BECAUSE PREEMPTED BY SUPERIOR LAW AFTER THEIR ADOPTION; PROVIDING THAT ANY CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, SHALL BECOME EFFECTIVE IF THE NUMBER OF LEGAL VOTES CAST IN FAVOR OF THE CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM IS GREATER THAN THE NUMBER OF LEGAL VOTES CAST AGAINST THE CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM; PROVIDING THAT THIS RULE SHALL ALSO BE APPLICABLE TO ALL FUTURE STATUTORY OR CONSTITUTIONAL PROVISIONS AUTHORIZING OR REQUIRING A POPULAR VOTE ON ANY CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM, UNLESS OTHERWISE PROVIDED WITHIN THE AUTHORIZING STATUTE OR CONSTITUTIONAL AMENDMENT BY EXPRESS AND UNEQUIVOCAL LANGUAGE; PROVIDING THAT NO EXISTING CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM, CERTIFIED BY THE PROPER AUTHORITIES AS HAVING PASSED, SHALL BE SUBJECT TO CHALLENGE ON THE GROUND OF INSUFFICIENT AFFIRMATIVE VOTES, IF THE AFFIRMATIVE VOTES CAST FOR SAME EXCEED THE VOTES CAST AGAINST SAME; REQUIRING ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER TO APPEAR ON OFFICIAL BALLOTS FOR STATEWIDE MEASURES; REQUIRING THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF THE PROPOSAL, TO BE PUBLISHED: 1) ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE, AT COUNTY CLERK'S OFFICES AND BY STATEWIDE NEWSPAPER INSERT NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION; AUTHORIZING THE INCLUSION, IN THIS SEPARATE PUBLICATION, OF OTHER INFORMATION REGARDING ISSUES OR CANDIDATES ON THE BALLOT, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; REQUIRING NO OTHER PUBLICATION OTHER THAN THAT SET FORTH HEREIN; EMPOWERING THE ARKANSAS SUPREME COURT TO REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; AUTHORIZING THE SUPREME COURT TO STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF THAT THE SIGNATURE(S) ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; EXEMPTING PETITION SPONSORS WHO INTERVENE IN SUITS CHALLENGING THEIR PETITIONS FROM THE POSTING OF ANY BOND, OR ASSESSMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILFUL [WILLFUL] FRAUD ON THEIR PART; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. Any number of additions or changes to your ballot title may be necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
1. Section 2 of your proposed Amendment states:
 "Any constitutional amendment, or law, or ordinance, or referendum shall become effective if the number of legal votes cast in favor of the constitutional amendment, or law, or ordinance, or referendum is greater than the number of legal votes cast against the constitutional amendment, or law, or ordinance or referendum. In addition, this rule shall be applicable to all future statutory or constitutional provisions authorizing or requiring a popular vote on any constitutional amendment, or law, or ordinance, or referendum whatever, unless otherwise provided within the authorizing statute or constitutional amendment by express and unequivocal language. No existing constitutional amendment, or law, or ordinance, or referendum, certified by the proper authorities as having passed, shall be subject to challenge on the ground of insufficient affirmative votes, if the affirmative votes cast for same exceed the votes cast against same."
 An ambiguity arises from the first and third sentences of the paragraph above. Specifically, it is unclear whether these sentences refer exclusively to measures submitted to popular vote. Constitutional amendments and referendums are of course subjected to popular vote. "Law[s]" and" ordinances" are not necessarily placed before the voters. I am uncertain therefore whether your amendment does away with any super majority vote requirements of the General Assembly or city councils or quorum courts when these entities act to adopt legislation. I appreciate that since your last submission you have omitted the words "citizen-initiated" as a modifier in these sentences, perhaps intending to include within Section 2's provisions constitutional amendments submitted to the people by the General Assembly and/or perhaps ordinances submitted to the voters of a city by a city council. In my opinion, however, the sentences above are ambiguous as to their application to ordinary legislative procedures of law-making bodies absent any submission to popular vote.
 2. The final paragraph of your proposal contains language requesting submission of the amendment to the voters of the state at a regular election. You state in your transmittal letter to this office that you "have left out a year certain [and have] just provided for the initiative amendment to be submitted to the voters as soon as legally possible." You express your opinion that this is "quite legal." Although your question does not strictly relate to review and certification of your ballot title and popular name, I will note that A.C.A. § 7-9-104 contains the required form of the petition in this regard and after a 2001 amendment to this section, substantial compliance with its provisions is no longer sufficient. If you have further questions in this regard, you should consult with the Secretary of State's office.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/cyh
Enclosure